IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. INFUSINO, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BETSY DEVOS, in her official capacity as U.S. Secretary of Education, *et al.*<br><br>*Defendants.* | Case No. 19-cv-3162 (CRC) |

## STIPULATED ORDER OF DISMISSAL

WHEREAS, on October 22, 2019, Plaintiffs Robert J. Infusino, Emmanuel Dunagan, Keishana Mahone, Rachel Delibasich, and Jessica Scheibe filed the above-captioned class-action lawsuit alleging that Defendants United States Department of Education and Secretary of Education Betsy DeVos (collectively, the "Department") violated the Administrative Procedure Act ("APA") and Plaintiffs' due process rights by (1) entering into and continuing temporary Program Participation Agreements with the Illinois Institute of Art (locations in Chicago and Schaumburg, Illinois and Novi, Michigan) and the Art Institute of Colorado (two locations in Denver, Colorado) (the "Schools") allowing them to participate in the Title IV student financial aid program after the Schools transitioned from accredited status to change of control candidacy status; (2) granting temporary interim nonprofit status to the Schools so that they could continue to participate in the Title IV student financial aid program; and (3) issuing loans to students to attend the Schools;

1

WHEREAS, the Department denies the Plaintiffs' allegations, and specifically denies that any of its actions violated the APA or the Plaintiffs' due process rights;

WHEREAS, on November 8, 2019, the Department announced it had cancelled the Direct and parent PLUS loans taken out to finance students' education at the Schools during the term in which January 20, 2018 fell, and for subsequent terms through the Schools' closure ("the Cancelled Loans");

WHEREAS, the Department took this action to cancel the loans because the Schools transitioned from accredited to change of control candidacy status effective January 20, 2018, and the Schools did not notify students of this change of status (or its consequences) until late June or early July 2018;

WHEREAS, by cancelling the loans, the Department is treating the loans as if they had never been issued, and refunds have been issued for all payments made on the Cancelled Loans (refunds are issued by the U.S. Department of Treasury by issuing checks to students or parents who made loan payments by check, and by automated clearing house ("ACH") transfers for students who made loan payments through ACH transfers);

WHEREAS, the Department and its servicers have processed the cancellations, the records in the National Student Loan Data System ("NSLDS") have been updated to reflect a status of "cancelled" and an outstanding balance of $0 for the Cancelled Loans, and no IRS Form 1099s will be issued for the Cancelled Loans or refunds described herein;

WHEREAS, the Department has directed all loan servicers to update credit reporting agencies about the Cancelled Loans on behalf of all eligible borrowers so that the borrowers will not have any remaining balance on the Cancelled Loans, and the Department will confirm that the loan servicers have made such updates to the credit reporting agencies;

WHEREAS, in addition to the Cancelled Loans, the Department has twice extended the closed school discharge period for the Schools: on November 8, 2019, the Department announced that it was extending the period back to June 29, 2018 for multiple Art Institute schools, but left the Schools off of the list; the Department subsequently included the Schools in the extended look back period on December 2, 2019, when it added them to a list published on its Dream Center Education Holdings ("DCEH") webpage (https://studentaid.gov/announcements-events/dceh-schools). On February 11, 2020, the Department posted a further update to the webpage, announcing that it had extended the period for the Schools back to January 20, 2018;

WHEREAS, for students who attended the Schools on or after January 20, 2018, but withdrew prior to June 29, 2018, the Department has directed its loan servicers to notify those borrowers of the extension of the closed school loan discharge period back to January 20, 2018;

WHEREAS, in addition to directing the loan servicers to communicate with borrowers as stated above, the Department will send an email to all borrowers who attended the Schools during the term in which January 2018 fell, or any subsequent terms through the Schools' closure. This communication will also be sent to Parent Plus

borrowers. The communication will explain: that the Department has cancelled their loans and issued refunds for all Direct and Parent Plus loans taken out in association with enrollment at the Schools during the term in which January 2018 fell or any subsequent terms through the Schools' closure; and that the Department has extended the closed school loan discharge period back to January 20, 2018. The communication will also provide those borrowers with contact information for the Department's loan servicers if the borrower has any questions or needs additional information about entitlement to a loan cancellation, refunds for the Cancelled Loans, refunds related to loans subject to a closed school loan discharge, or updates to credit reporting agencies;

WHEREAS, the Department will update its webpage regarding closed DCEH schools (https://studentaid.gov/announcements-events/dceh-schools) with a link to a copy of this Order, a link to the Closed School Discharge application, and by providing contact information for the Department's loan servicers for borrowers who are affected by the Department's actions described herein to seek information about their entitlement to loan cancellation, refunds, or updates to credit reporting agencies, including the process for students to request refunds that the Department was unsuccessful in processing because the student could not be located or his or her account information had changed.

**IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. The above-captioned case will be administratively stayed for 60 days from the date of this Order, upon which date Defendants will file a report addressing each of the obligations listed above.

2. The Court retains jurisdiction to decide Plaintiffs' motion for attorneys' fees, costs, and litigation expenses. The parties are directed to attempt to amicably resolve such amount before Plaintiffs file such motion. Plaintiffs have forty-five days from the entry of this order to file such motion.

3. Upon disposition of Plaintiffs' motion for attorneys' fees and Defendants' fulfillment of the obligations provided herein, the parties hereby stipulate pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that the above-captioned matter will be dismissed with prejudice.

SO STIPULATED,

/s/ Alexander S. Elson
Alexander S. Elson (D.C. Bar No. 1602459)
Eric Rothschild (D.C. Bar No. 1048877)
Alice Yao (D.C. Bar No. 493789)*
National Student Legal Defense Network
1015 15th Street NW, Suite 600
Washington, DC 20005
(202) 734-7495
alex@defendstudents.org
eric@defendstudents.org
alice@defendstudents.org

*Counsel for Plaintiffs*

TIMOTHY J. SHEA,
D.C. Bar #437437
United States Attorney

DANIEL F. VAN HORN,
D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
JOHNNY H. WALKER,
D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*

Dated: March 27, 2020

SO ORDERED, this ____ day of March, 2020.

5

_____

UNITED STATES DISTRICT JUDGE